UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DAVID EARL JOHNSON** | **CIVIL ACTION NO. 18-226-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed on behalf of petitioner David Earl Johnson ("Petitioner"), pursuant to 28 U.S.C. §2254.[1] This petition was filed in this court on February 14, 2018. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions. He names Warden Vannoy as respondent.

On March 7, 2006, Petitioner was convicted of three counts of molestation of a juvenile in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a multiple offender. He was sentenced as to one count as a multiple offender to 30 years imprisonment at hard labor without benefit of parole, probation or

---

[1] Petitioner has another petition for writ of habeas corpus pending in this court. See Johnson v. Cain, 5:16-cv-660. On March 15, 2018, the court ordered the respondent to file an answer in that matter. A Report & Recommendation is pending in that case recommending that the petition be denied as untimely.

suspension of sentence and 15 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to each of the remaining two counts. Petitioner's convictions and sentences were affirmed on appeal. State v. Johnson, 42,323 (La. App. 2 Cir. 8/15/07), 962 So.2d 1126.

In support of this petition, Petitioner alleges there was no grand jury indictments.

Petitioner claims in his petition that he has exhausted these claims through the appropriate state courts. However, his claims were not properly exhausted. The documentation submitted by Petitioner includes a copy of a denial from the Louisiana First Judicial District Court which shows his application for post-conviction relief was denied pursuant to Louisiana's procedural bar La.C.Cr.P. Art. 930.4 as a repetitive application because he had litigated at least three applications for post-conviction relief in the state court [Doc. 6, p.5]. The Louisiana Second Circuit Court of Appeal denied his writ application on the showing made [Doc. 6, p. 9]. The Supreme Court of Louisiana denied writs because he had previously exhausted his right to state collateral review and cited State ex rel. Johnson v. State, 14-1405 (La. 4/4/16), 187 So.3d 996 [Doc. 6, p. 3].

On April 4, 2018, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this court's failure to consider his claim will result in a fundamental miscarriage of justice [Doc. 5]. On April 18, 2018, Petitioner filed a response in which he argues that his claims were properly exhausted [Doc. 6].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509,518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal

by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because he properly exhausted state court remedies. However, Petitioner fails to show or even argue that an objective factor external to the defense impeded his efforts to raise the claims in state court and comply with the Louisiana procedural requirement of not filing a repetitive application. See La. C.Cr.P. Art. 930.4. Because Petitioner has failed to make a showing of cause, the procedural default rule applies without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal

innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." <u>Johnson v. Hargett</u>, 978 F.2d 855, at 859, (5th Cir. 1992). To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17.

Petitioner argues only that there were no grand jury indictments. The actual innocence exception clearly does not apply here as Petitioner makes no allegations of factual innocence as to the three convictions for molestation of a juvenile.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within (14) fourteen days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 28th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge